**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AVANIR PHARMACEUTICALS, INC., AVANIR HOLDING COMPANY, and CENTER FOR NEUROLOGIC STUDY, <br><br> Plaintiffs, <br><br> v. <br><br> SANDOZ INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 13-961 (LPS) ) ) ) ) |

**STIPULATION AND ORDER OF DISMISSAL**

The Court, upon the consent and request of Plaintiffs Avanir Pharmaceuticals, Inc., Avanir Holding Company, and Center For Neurologic Study ("Plaintiffs") and Defendant Sandoz Inc. ("Sandoz"), hereby enters the following Stipulated Facts and issues the following Order of Dismissal:

**STIPULATED FACTS**

1.  This Court has subject matter jurisdiction over this patent infringement action (the "Action"). Solely for purposes of this Action, Sandoz does not object to personal jurisdiction and venue. Accordingly, this Court has personal jurisdiction over Plaintiffs and Sandoz, and venue is proper in this Court.

2.  In this Action, Plaintiffs have charged Sandoz with infringement of certain claims of United States Patent Nos. 7,659,282, 8,227,484, and RE38,115 ("the Asserted Patents") in connection with Sandoz's submission of Abbreviated New Drug Application ("ANDA") No. 203-538 directed to generic dextromethorphan hydrobromide/quinidine sulfate products to the U.S. Food and Drug Administration ("FDA").

3. Sandoz has not, at this time, rebutted the statutory presumption that the Asserted Patents are valid and enforceable in this Action.

4. Sandoz admits that the submission of ANDA No. 203-538 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use and/or sale of a generic 20 mg dextromethorphan hydrobromide/10 mg quinidine sulfate product indicated solely for the treatment of pseudobulbar affect and as defined by ANDA No. 203-538 (hereinafter, the "Generic Product"), within the United States before the expiration of the Asserted Patents was a technical act of patent infringement with respect to one or more claims of each of the Asserted Patents. This admission is without prejudice to Sandoz's defenses and counterclaims that the Asserted Patents are invalid and/or unenforceable.

## STIPULATED ORDER OF DISMISSAL

Accordingly, pursuant to the above Stipulated Facts, and upon the consent and request of Plaintiffs and Sandoz, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The filing of ANDA No. 203-538 was a technical act of infringement of each of the Asserted Patents under 35 U.S.C. § 271(e)(2)(A).

2. All claims, defenses, and counterclaims are hereby dismissed without prejudice.

3. Sandoz, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from manufacturing, using, offering to sell or selling within the United States, or importing into the United States, the 20 mg generic dextromethorphan hydrobromide/10 mg quinidine sulfate products indicated for treatment of pseudobulbar affect defined by ANDA No. 203-538 during the life of the Asserted Patents, including any extensions and pediatric exclusivities, other than as permitted under the terms of Plaintiffs' and Sandoz's agreement with respect to the Generic Product or by other authorization

from Plaintiffs, unless all of the relevant claims of the Asserted Patents are found invalid, unenforceable, or not infringed by a 20 mg dextromethorphan hydrobromide/10 mg quinidine sulfate product indicated for the treatment of pseudobulbar affect, with the same indication on the labeling and the same dosage strength as found in the Generic Product, by a court or administrative decision from which no appeal has been or can be taken as a matter of right.

4. This Court retains jurisdiction over Plaintiffs and Sandoz for purposes of enforcing these Stipulated Facts and Stipulated Order Of Dismissal.

5. Each party shall bear its own fees and costs in connection with this Action, including attorney fees.

6. The Clerk of the Court is directed to enter this final judgment forthwith.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
|---|---|
| */s/ Jeremy A. Tigan* | */s/ Richard L. Horwitz* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com<br>jtigan@mnat.com | Richard L. Horwitz (#2246)<br>David E. Moore (#3983)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>(302) 984-6000<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com<br><br>*Attorneys for Sandoz Inc.* |
| *Attorneys for Plaintiffs Avanir Pharmaceuticals, Inc., Avanir Holding Company, and Center for Neurologic Study* | |

IT IS SO ORDERED this _____ day of August 2013.

_____
J.